UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEACOR MARINE LLC                                                CIVIL ACTION

VERSUS                                                                    NO. 24-2409

GOL, LLC                                                                   SECTION "R" (3)

**ORDER AND REASONS**

Before the Court is plaintiff SEACOR Marine LLC's ("SEACOR") 59(e) Motion to Alter or Amend Judgment.[1] Defendant GOL, LLC ("GOL") opposes the motion.[2] For the foregoing reasons, the Court denies the motion.

I. BACKGROUND

SEACOR sued GOL for breach of contractual and fiduciary duties.[3] GOL moved for summary judgment, asserting that GOL did not breach the contract it had with SEACOR and that SEACOR lacked any rights to receive funds paid to GOL under an agreement between Cox and GOL. SEACOR opposed the motion, arguing that GOL failed to take appropriate steps to obtain payment from Cox and by failing to remit money to SEACOR after

---

1    R. Doc. 67.
2    R. Doc. 68.
3    R. Doc. 1. For a full recitation of the facts in this case, *see* R. Doc. 65.

1

GOL obtained payment from Cox in Cox's bankruptcy proceeding. The Court, after review of the summary judgment record, granted GOL's motion for summary judgment and denied SEACOR's request for summary judgment in its favor.

SEACOR now moves under Fed. R. Civ. P. 59(e) to alter or amend the judgment.[4]

The Court considers the motion below.

## II. LAW AND DISCUSSION

A district court has considerable discretion to grant or deny a motion under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* But reconsideration "'is an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

---

4   R. Doc. 67.

2

The Fifth Circuit requires that the moving party show that the motion is necessary based on at least one of the following criteria: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citations omitted).

Plaintiff does not demonstrate any of the requirements for Rule 59(e) relief. There has been no change in the controlling law, plaintiff submits no newly discovered evidence, and the Court has committed no manifest error of law or fact.

SEACOR argues that the Court erred in granting summary judgment because it "adopted a different analysis than either party advanced" in their briefs. SEACOR does not dispute that it was necessary for the Court to interpret the Trade Agreement, to which the Court notes SEACOR was not a party. Moreover, the Court did not strike out on its own in the way SEACOR avers. GOL specifically argued that it could not pay SEACOR out of the funds it received from Cox because SEACOR did not agree to provide post-petition services to Cox as an essential vendor. This Court held first that GOL had not been "paid" SEACOR's invoices by Cox, and second that SEACOR was

3

not entitled to any portion of the Cox payment because it did not agree to serve as an essential vendor.

In making this second determination, the Court reviewed the Trade Agreement, the Bankruptcy Order, and the Bankruptcy Motion underlying the Order.  The parties were on notice that the Court would review such Orders.  Indeed, SEACOR discussed the Trade Agreement, the Bankruptcy Proceedings, and the role of essential vendor status in its Response in Opposition to GOL's motion for summary judgment.[5]  SEACOR also attached the Trade Agreement to that Response.  And GOL discussed the Bankruptcy Court Order, bankruptcy code, and the role of essential vendor status in its motion for summary judgment, and it attached the Bankruptcy Order, which is clearly based on the underlying Bankruptcy Motion, to its summary judgment motion.[6]  Because the parties were well aware that the Court would review these papers, and evaluate the role of essential vendor status in determining whether SEACOR was entitled to a portion of the payment GOL received from Cox, it is disingenuous for SEACOR to now assert that the Court's decision was based on an analysis not advanced by the parties.

---

[5]    *See* R. Doc. 46.
[6]    See R. Doc. 36; *Id.* Exhibit F.

4

SEACOR also urges that the interpretation of the underlying agreements leads to an "inequitable" result. But the "inequitable" result that SEACOR complains of is completely hypothetical. It would require GOL to receive its full prepetition claim from Cox, a party now in Chapter 7 bankruptcy, and then for GOL to not disburse to SEACOR the portion of GOL's prepetition claim attributable to SEACOR's invoices. Such events have not happened. SEACOR's musings about what may happen in the future do not provide a basis for challenging a decision made based upon what has actually happened. To allow hypotheticals to distract from reality would be inequitable. The Court rejects SEACOR's argument that 59(e) relief is warranted based on allegedly "inequitable" potential consequences.

Finally, the Court addresses SEACOR's arguments regarding GOL's alleged "self-dealing." To the extent that GOL may have behaved contrary to the Court's interpretation of the Trade Agreement to SEACOR's detriment, this does not invalidate this Court's interpretation. As this Court pointed out in its summary judgment order, if GOL did improperly allocate funds, that is something that the debtor (Cox) and now the Chapter 7 trustee can complain about. Moreover, as stated in the summary judgment order, the redress for improper allocations would be for Cox's payment to GOL to be deemed as applying to post-petition services that GOL has since provided to Cox or

treated as a voidable preference; the redress would not be for SEACOR to receive the money.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the judgment.

New Orleans, Louisiana, this ⎯15th⎯ day of December, 2025.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE